Good afternoon everybody. The court is back in session. First case up on the docket is People v. Helms, 5-10-63, and it's Ms. Belcher. You may proceed. May it please the court, my name is Elaine Belcher and I represent Donnie Helms. Today I will concentrate my argument on the Boyd guilty plea, Simpson's issue rate, and the supplemental brief, and my brief for the remaining post-conviction petition issue, unless the court has any questions. Mr. Helms respectfully requests that his guilty plea and sentence be vacated where he was sentenced to an illegal sentence as part of his negotiated plea. Mr. Helms pled guilty to the offense of criminal sexual assault, which requires a MSR term of three years to life. However, at his guilty plea hearing, Mr. Helms was admonished by the trial court that the MSR term was only two years. And when reviewing the terms of the plea agreement with Mr. Helms, the court asked him if he understood the terms of the plea negotiations were that he would receive a six-year prison sentence to be followed by two years of MSR. And Mr. Helms stated that that was his understanding also. The state concedes that the trial court failed to admonish Mr. Helms properly of the MSR term. And as a result, the two-year MSR term cannot be enforced. However, the state argues that Mr. Helms' guilty plea and sentence are not void. The state's argument, contrary to established law, withholds that when a defendant in person negotiates a plea and receives a sentence that is not authorized by law, both the guilty plea and the sentence are void. In addition, as a two-year MSR term cannot stand, the state is essentially asking this court to allow the state to modify the terms of the plea agreement by changing the MSR term from two years to three years to life. As the Whitfield Court has held, this doing so amounts to a unilateral modification and breach of the plea agreement, which is inconsistent with constitutional concerns of fundamental fairness and cannot be done. Thus, Mr. Helms' guilty plea in exchange for sentence support was not authorized to give him is void. And he asks that this court vacate his guilty plea and sentence and remand the cause for further proceedings. And at that point in time, if that all happened, then the state could reinstate the five other counts and he could go to trial on all six counts? Yes, Your Honor. And that's what he wants to do? Yes, Your Honor. Okay. Okay, thank you, Ms. Belcher. Mr. Cheney. You don't want to let Mr. Helms go back and go to trial on six counts? Yes, Your Honor. We're just trying to save him some space. As it stands, the state understands the type of position we're in. It's our argument, however, that the trial court misadmonished the defendant when it said that he was going to be given an MSR term of two years. That's a misadmonishment. That's not necessarily a void sentence. And see, the defendant here did not raise this issue in either a motion to withdraw his plea or in his post-conviction that his plea was not voluntary. So what he's doing on appeal is to try to magically circumvent the procedural bars of waiver by claiming now in a supplemental brief that he has not waived his issue because all of a sudden the sentence is void because of the trial court's incorrect admonishment. Rather than a three-year MSR term. But it is incorrect to state that the trial court imposed an MSR term. Rather, the statute clearly states that the trial court must give or tell the defendant that they have a three-year term of MSR with certain offenses, typically sexual assault offenses. And because of that, the trial court was merely informing the defendant that a trial court was not imposing it. Take a practical example. For instance, if a trial court has – But you hear that the trial court did have – this isn't a situation where the MSR term is set, right? I mean, there was – he could impose anything from three to life? And that was up – was that a discretionary thing? Well, Your Honor, that is actually a case at issue right now between the two districts right now. And that's going to be going to the Supreme Court most likely at some point. But Ryan Hart and Schneider are the cases you're probably referring to, the Second District and the Fourth District, are in disagreement as to whether or not the Illinois Department of Corrections actually has the authority to create a term limit for MSR or whether, in fact, as the Second District notes, that it's the trial court that establishes those things. So that is another issue that's not particularly prevalent in this case. Well, and I'm not too sure in those cases whether those were indeterminate-type MSR terms that the court could impose. I mean, in most cases, it's, you know, one year, two year, three year. But this is three to life, which would seem to imply that the trial court has some discretion to set a term. Well, allow me to explain. With the Second District and Ryan Hart, what they're saying is that the trial court must impose, that the legislature has given the trial court a directive to say three years to an indeterminate amount of life. The Fourth District and Schneider, however, has stated that the Illinois Department of Corrections actually is the one that is authorized to determine whether or not the defendant will serve three years or life. So those cases are a three to life situation. Yes, they are both sexual assault cases. And that is the big issue that's currently circulating around the districts. The First, Third, and the Fifth District have not yet addressed it. But as to the case in Bar, what we have here is the trial court merely misadmonishing the defendant of his MSR. That does not prevent him from raising that claim in his motion to withdraw, which he did not file, or in a post-conviction petition, which he did not raise. Merely, if a defendant raises a issue in a supplemental brief on appeal about a misadmonishment, he cannot use the magic word void sentence and all of a sudden get granted back his entire case back at the trial court. Of course, if this court was to find otherwise, then as Justice Stewart, as you wisely noted, he can go ahead and have that count as well as the five other criminal sexual assault counts put back on his plate, and he can go from there. Does this court have any questions? No. Thank you very much. Thank you, Mr. Chief. Any rebuttal, Ms. Felton? All right. Thank you both very much for your arguments and your briefs. We'll take this matter under advisement and issue our decision in due course. Thank you.